UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN PABLO CHAVEZ,

                Plaintiff,

        -against-

COMMUNICATIONS/SWITCHBOARD DOES, *et al.*,

                Defendants.

24-CV-0861 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging that Defendants violated his due process rights. (ECF No. 1 at 1.) For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Central District of California, Western Division.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who resides in California, *see Chavez v. American Express*, ECF 1:24-CV-0547, 2 (S.D.N.Y. filed Jan. 24, 2024), filed this action on February 2, 2024, alleging "Los Angeles

Overnight/Weekend police 'Communications' conspired with petty criminal actors to make threats of 90+ days 51 and 52/50 holds where have twice previously, and intend to in the near future, intentionally violate/d due process rights . . . .. (ECF No. 1 at 1.) He does not plead the residence of defendants, only asserting that the alleged events giving rise to his claims occurred in Los Angeles, California. Because the alleged events occurred in Los Angeles, California, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Los Angeles, California, which is in the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Accordingly, venue lies in the Central District of California, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Central District of California, Western Division, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California, Western Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 22, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge